| | |
|---|---|
| DEMEKA EUGENE MOORE,<br><br>Plaintiff,<br><br>v.<br><br>JOEL MARTINEZ,<br><br>Defendant. | Case No. 1:17-cv-01249-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION TO FILE AMENDED COMPLAINT AND DENYING REQUEST FOR RECRUITMENT OF COUNSEL<br><br>(Doc. No. 14) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Pro se plaintiff Demeka Eugene Moore is proceeding *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. In February 2018, the court screened the complaint and concluded that plaintiff had stated no cognizable claim. (Doc. No. 11.) Plaintiff now seeks an extension of time to amend his complaint and asks the court to recruit an attorney to assist him with his case. The court will grant plaintiff an extension but will deny the request that we recruit counsel for him.

When the court dismissed plaintiff's complaint, it allowed him 30 days to amend his complaint. After plaintiff missed this deadline, the court issued an order to show cause why this case should not be dismissed for plaintiff's failure to prosecute. (Doc. No. 13.) Plaintiff has now responded and asks for an extension to file an amended complaint. (Doc. No. 14.) Plaintiff states that he failed to meet the deadline for amending his complaint because he was for a time

1

homeless and unable to receive mail.  (Doc. No. 14.)

The court will allow plaintiff to amend his complaint by the deadline set forth below.  If plaintiff fails to file an amended complaint before the new deadline, the court may dismiss the case for failure to prosecute and failure to comply with a court order.  The court reminds plaintiff that he must notify the clerk of court and defendant of any change to his address.  *See* Local Rule 182(f).

Plaintiff also asks for an attorney.  (Doc. No. 14.)  A litigant has no constitutional right to counsel in a civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request an attorney to assist plaintiff with no guarantee of compensation.  *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here because plaintiff has not yet stated a cognizable claim.  Plaintiff's request for recruitment of counsel is denied without prejudice; he may renew his request later.

Plaintiff also asks for an extension in another case, 1:17-cv-1293, which is pending before Magistrate Judge Barbara A. McAuliffe.  (Doc. No. 3, at 2.)  Plaintiff must file separate motions in each case.  If plaintiff would like to have Judge McAuliffe grant an extension in case 1:17-cv-1293, he must file a separate motion in that case; whether to grant a motion in that case is a matter committed to Judge McAuliffe's discretion.

Accordingly,

1. Plaintiff's motion for an extension to file an amended complaint (Doc. No. 14) is GRANTED.
2. Plaintiff's amended complaint is due within 45 days of the date of this order.
3. Plaintiff's request for recruitment of counsel (Doc. No. 14) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 5, 2018　　　　　　　　　　　/s/ *Jeremy D. Peterson*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE