UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMEKA EUGENE MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>JOEL MARTINEZ,<br><br>  Defendants. | Case No. 1:17-cv-01249-JDP<br><br>SECOND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER |

  Demeka Eugene Moore ("plaintiff") is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. On February 26, 2018, the court screened the complaint and concluded that plaintiff had stated no cognizable claim. (Doc. No. 11.) The court required plaintiff, within thirty days, to file a first amended complaint curing the deficiencies identified by the court, a notice of voluntary dismissal, or a notice of election to stand on the complaint. (*Id.*) Plaintiff did not respond within the prescribed period. On April 9, 2018, the court issued an order to the plaintiff to show cause why the case should not be dismissed for failure to state a claim, failure to obey a court order, and failure to prosecute. (Doc. No. 13.) On April 9, 2018, plaintiff responded by filing a motion for an extension of time to amend his complaint (Doc. No. 14), and the court granted this request, allowing plaintiff until July 20, 2018 (Doc. 16). Plaintiff has again failed to comply with an order of the court.

1

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. When a plaintiff repeatedly fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Considering plaintiff's pro se status and in the interests of justice, the court will give plaintiff a final chance to explain why the court should not dismiss the case for his failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that

1. Within thirty (30) days from the date of service of this order, plaintiff is directed to show cause why this action should not be dismissed for failure to comply with a court order.
    a. Plaintiff must file a written response to this order; and
    b. Plaintiff must submit the first amended complaint.
2. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   August 24, 2018

UNITED STATES MAGISTRATE JUDGE